IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| BENEFICIAL HOLDINGS, INC., a Nevada corporation, dba BENEFICIAL HEALTH SYSTEMS,<br><br>    Plaintiff,<br><br>vs.<br><br>CVS PHARMACY, INC., a foreign corporation, CONTEMPORARY MARKETING, INC., a foreign corporation, and ED ELLIS, an individual,<br><br>    Defendants. | MEMORANDUM DECISION AND ORDER DENYING CMI'S MOTION FOR ATTORNEYS' FEES<br><br><br><br>Case No. 2:05-CV-439 TS |

On October 3, 2005, the Court heard argument on Defendants CMI's Motion to Dismiss based on the Forum Selection Clause in the Sales Representative Agreement between CMI and Beneficial Holdings. The Court granted the Motion.[1] Thereafter, CMI filed this Motion for Attorneys' Fees.[2]

---

[1] Docket No. 38.

[2] Docket No. 33.

CMI seeks attorneys' fees pursuant to Fed.R.Civ.P. 54 and Paragraph 23 of the Sales Representative Agreement.  They are seeking $13,071.25 in attorneys' fees and $808.98 in costs, for a total of $13,880.23.

Rule 54(d)(2)(A) states that claims for attorneys' fees must be made by motion.  Rule 54(d)(2)(B) states that the motion must specify the grounds entitling the moving party to the award, and must state the amount or provide a fair estimate of the amount sought.

Here, CMI states that the grounds for its claim for attorneys' fees is Paragraph 23 of the Sales Representative Agreement.  Paragraph 23 states:

> 23.   **Costs of Collection.**  Any party found to be in breach of any of the terms of this Agreement shall be required to pay all costs associated with the enforcement of any provision hereunder, including reasonable attorney's fees.[3]

CMI's Motion must be denied because the Forum Selection Clause of the Sales Representative Agreement, which prevented the Court from reaching the merits of the earlier dispute, applies with equal force to this Motion.  Under the Forum Selection Clause, this Court is not the proper forum to bring such a Motion.  Therefore, CMI's Motion is denied.

Further, CMI is judicially estopped from arguing that this Court is a proper forum to resolve the issue of attorneys' fees and costs when it has previously argued that this is an improper forum to hear the underlying dispute.  "'[W]here a party assumes a certain position in a legal proceeding, and succeeds in maintaining that position, he may not thereafter, simply because his interests have changed, assume a contrary position, especially if it be to the prejudice

---

[3]Docket No. 34, Exhibit A.

of the party who has acquiesced in the position formerly taken by him.'"[4] There are a number of factors used to determine when to apply judicial estoppel: (1) a party's later position must be clearly inconsistent with its earlier position; (2) whether the party has succeeded in persuading a court to accept that party's earlier position, so that judicial acceptance of an inconsistent position in a later proceeding would create the position that either the first or the second court was misled; and (3) whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped.[5]

Here, CMI has previously argued that this was an improper forum pursuant to the Forum Selection Clause in the Agreement between CMI and Beneficial. The Court agreed and dismissed this case so that Beneficial could pursue this action in the proper forum, namely the Circuit Court of Cook County, Illinois. CMI has now asserted that this Court is the proper forum to determine attorneys' fees and costs which arose from the Motion to Dismiss. CMI's position now is clearly inconsistent with its previous position.

Second, CMI has successfully persuaded the Court to accept its prior position that this is an improper forum. If the Court were now to accept CMI's new position, it would create the perception that the Court was either previously misled or is being misled now.

Finally, CMI would have an unfair advantage if the Court were to accept its new position. If the Court were to allow CMI to proceed, it would have the effect of permitting CMI to avoid the Forum Selection Clause, while forcing Beneficial to abide by it. It would also have the effect

---

[4]*Johnson v. Lindon City Corp.*, 405 F.3d 1065, 1069 (10th Cir. 2005) (quoting *Davis v. Wakelee*, 156 U.S. 680, 689 (1895)).

[5]*Id*.

of undermining the Forum Selection Clause and the policy reasons which call for the enforcement of such provisions.

It is therefore

ORDERED that CMI's Motion for Attorneys' Fees (Docket No. 33) is DISMISSED without prejudice to its later filing in the proper forum. It is further

ORDERED that the hearing set for February 14, 2006, is VACATED.

DATED   February 7, 2006.

        BY THE COURT:

        _____
        TED STEWART
        United States District Judge